UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAURICIO RODRIGUEZ AYALA,<br><br>Petitioner(s),<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondent(s). | CASE NO. C26-2186-KKE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR EXPEDITED BRIEFING |

Petitioner, representing himself, filed a petition for writ of habeas corpus challenging his immigration detention. Dkt. No. 6. Petitioner also filed a motion for a temporary restraining order ("TRO") and a motion for expedited briefing on his petition. Dkt. Nos. 2, 3.

Petitioner's TRO motion requests that the Court enjoin his transfer from the Northwest ICE Processing Center ("NWIPC") while his habeas petition is pending. Petitioner has not shown that he is entitled to this extraordinary relief. Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Id*. at 24.

Here, although Petitioner contends that he is likely to suffer irreparable harm if he is removed or transferred while his petition is pending, the Court's scheduling order requires the

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR EXPEDITED BRIEFING - 1

Government to provide notice before any removal or transfer.  *See* Dkt. No. 7.  The Court finds that this order provides adequate protection against imminent, irreparable harm in the form of transfer or removal while the petition is pending.

Petitioner also requests that the Government's[1] deadline to file its return be shortened to five days and that Petitioner be given seven days from the filing of the return to file his traverse.  Petitioner's motion expresses concern that this Court may give the Government 30 days to file its return, extending Petitioner's time in custody.  Dkt. No. 3 at 3.  But the scheduling order gives the Government just 14 days to do so.  And Petitioner has not shown good cause to depart from this schedule.  However, because Petitioner is representing himself and filing and receiving materials by mail, the Court will extend Petitioner's deadline to file his traverse and AMEND the scheduling order (Dkt. No. 7) in the following respects to allow him sufficient time to receive notice of any impending transfer:

1. The deadline for Petitioner to file a traverse is EXTENDED to July 15, 2026.  The Government shall note its return for July 15, 2026.

2. The Government shall provide Petitioner notice one week (168 hours) before any action to move or transfer him from the Western District of Washington or to remove him from the United States.  Any such notice shall be filed on the docket.

Dated this 24th day of June, 2026.

Kymberly K. Evanson
United States District Judge

---

[1] This order refers to all Respondents except Bruce Scott collectively as "the Government."

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR EXPEDITED BRIEFING - 2